# The Supreme Court of South Carolina

The State, Petitioner,

v.

Henry Haygood, Respondent.

Appellate Case No. 2014-001985

## ORDER

After careful consideration of the petition for rehearing, the Court is unable to discover that any material fact or principle of law has been either overlooked or disregarded, and hence, there is no basis for granting a rehearing. Accordingly, the petition for rehearing is denied. However, we hereby withdraw our original opinion in this matter and substitute it with Opinion No. 27560.

s/ Jean H. Toal                                C.J.

s/ Costa M. Pleicones                      J.

s/ Donald W. Beatty                        J.

s/ John W. Kittredge                        J.

s/ Kaye G. Hearn                            J.

Columbia, South Carolina

August 12, 2015

The State, Petitioner,

v.

Henry Haygood, Respondent.

Appellate Case No. 2014-001985

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

Appeal From Orangeburg County
The Honorable Edgar W. Dickson, Circuit Court Judge

Opinion No. 27560
Submitted February 3, 2015 – Refiled August 12, 2015

## AFFIRMED IN PART, VACATED IN PART, AND REMANDED

Attorney General Alan McCrory Wilson and Assistant
Attorney General John Croom Hunter, both of Columbia,
for Petitioner,

Assistant Public Defender Breen Richard Stevens, of
Orangeburg, for Respondent.

**PER CURIAM:** The State seeks a writ of certiorari to review the Court of
Appeals' opinion in *State v. Haygood*, 409 S.C. 420, 762 S.E.2d 69 (Ct. App.

2014).  We grant the petition, dispense with further briefing, affirm the Court of Appeals' opinion in part, vacate in part, and remand for a new trial.

The Court of Appeals found the circuit court erred in finding the testimonial statements made by the victim to the police did not violate the Confrontation Clause of the Sixth Amendment because the statements fell within the excited utterance exception to hearsay.  *See Crawford v. Washington*, 541 U.S. 36, 68 (2004) ("Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law . . . . Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination.").

The Court of Appeals also found the admission of the victim's statements in this case violated the Confrontation Clause because the victim's statements were testimonial, there was no evidence the victim was unavailable to testify, and there was no evidence respondent had the opportunity to cross-examine the victim.  We find the Court of Appeals erred in addressing whether the facts of this case demonstrated respondent's rights under the Confrontation Clause were violated because the record before the court lacked the facts necessary to make such a determination.  For unexplained reasons, the recording of the proceeding before the magistrate's court was unavailable, and the only facts available to the Court of Appeals were from the magistrate's summary of the responding officer's testimony during the State's case-in-chief.  We find the information contained in the magistrate's summary is insufficient to conduct a Confrontation Clause analysis, especially where the magistrate did not hold a hearing to determine whether the officer's testimony would violate the Confrontation Clause.

Therefore, we vacate the Court of Appeals' opinion to the extent it addresses whether the victim's statements violated the Confrontation Clause.  Moreover, because there is no record of the proceedings before the magistrate's court to aid the magistrate in fully analyzing this issue were we to remand for a determination of whether the statements were testimonial, we find it necessary to remand for a new trial in accordance with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE, and HEARN, JJ., concur.**